NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TROY MCGARVEY,

                Petitioner-Appellant,

    v.

JIM SALMONSEN; ATTORNEY
GENERAL FOR THE STATE OF
MONTANA,

                Respondents-Appellees.

No.   17-35340

D.C. No.
9:14-cv-00201-DLC-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted March 8, 2019
Portland, Oregon

Before:  GRABER and BERZON, Circuit Judges, and ROBRENO,[**] District
Judge.

    Petitioner Troy McGarvey was convicted of the murders of Clifford Grant

and Norman Nelson in Flathead County, Montana.  McGarvey appeals the district

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He argues that the Montana Supreme Court erred when it found the prosecutor had not violated the edicts of *Brady v. Maryland*, 373 U.S. 83 (1963). We review the district court's denial of a § 2254 petition *de novo*. *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017), *cert. denied*, 139 S. Ct. 798 (2019). We affirm.

Under the deferential standard imposed by AEDPA § 2254(d), we may not grant a writ of habeas corpus unless the state court's decision: 1) "was contrary to federal law then clearly established in the holdings of [the United States Supreme Court]"; 2) "involved an unreasonable application of such law"; or 3) "was based on an unreasonable determination of the facts in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To establish a *Brady* violation concerning particular evidence, McGarvey must show three elements: 1) the evidence "must be favorable to the accused, either because it is exculpatory, or because it is impeaching"; 2) the evidence was "suppressed by the State, either willfully or inadvertently"; and 3) the defense was prejudiced by the suppression of the evidence. *Strickler v. Greene*, 527 U.S. 263,

281–82 (1999). McGarvey argued that the prosecution had withheld *Brady* material concerning three witnesses — Sanchez, Armstrong, and Edwardson.

**Sanchez**

McGarvey argues the Flathead County prosecutor violated *Brady* by not producing police records and notes of witness interviews pertaining to Sanchez, done in Lake County, where both counties were members of a multi-jurisdictional task force. We assume, without deciding, that the Flathead County prosecutors ran afoul of *Brady* under the principles established in *Kyles v. Whitley*, 514 U.S. 419 (1995), and that the state court unreasonably held to the contrary. Nonetheless, under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), there is insufficient prejudice to merit granting the petition.

The Montana Supreme Court held that, assuming a *Brady* violation, there was no prejudice to the defense. The court found that the material was speculative, cumulative, or irrelevant, and would not have affected the outcome of the trial because the defense used other evidence to attack Sanchez's character and to establish his means, motive, and opportunity to commit the crimes for which McGarvey was convicted. Specifically, the jury knew that Sanchez regularly dealt drugs, coming from Washington to do so about twice a month, and that he had various appurtenances of the drug trade, including several cell phones and guns. In the circumstances, the state court's no-prejudice conclusion is not "objectively

3                                                                                            17-35340

unreasonable." *Hall v. Haws*, 861 F.3d 977, 992 (9th Cir. 2017).

**Armstrong**

According to McGarvey, Armstrong could have been impeached with two sets of materials, as being a liar or having mental health problems, that were not produced.

The first set of materials is connected to Armstrong's sentencing hearing for the theft of a motor vehicle. Armstrong's mother wrote a letter to the sentencing court and testified at the hearing in a bid for leniency for her son. The Montana Supreme Court ruled, among other things, that the absence of these materials was not prejudicial. The court reasoned that the defense had used other evidence to impeach Armstrong as a liar and extortionist. Furthermore, had the defense used the missing materials to attack Armstrong's mental health, doing so would have contradicted and undermined the defense strategy of liar/extortionist and would therefore not have affected the outcome positively for McGarvey.

The second set of materials was Armstrong's jailhouse notes. The prosecution disclosed this material to the defense but characterized it as voluminous and not exculpatory. The Montana Supreme Court ruled that the jailhouse notes had not been suppressed because those notes had been made available to the defense. The court also found that, as with the sentencing materials, using these notes to attack Armstrong's mental health would have

undercut the defense's liar/extortionist strategy.

Fair-minded jurists could disagree over the correctness of the Montana Supreme Court's decisions regarding the Armstrong materials.

**Edwardson**

McGarvey argues that information regarding Edwardson's criminal actions with Monroe shows that Edwardson was motivated to fabricate his statements to police, in which Edwardson said he had heard McGarvey admit to the murders. The Montana Supreme Court ruled the prosecution had not suppressed this information because it had no obligation to disclose it. The court also ruled that McGarvey's argument concerning the importance of the information was unsupported, speculative, and conclusory. The court found that the information was irrelevant because substantial evidence showed that Edwardson and Monroe had not been involved in criminal activity until long *after* Edwardson gave his statements to police. The Montana Supreme Court's determination of the facts was not unreasonable in light of the record. Fair-minded jurists could disagree over the correctness of the court's findings and decision.

**AFFIRMED.**